**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL BOLLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    PLAINTIFF,<br><br>    vs.<br><br>G. WILLI-FOOD INTERNATIONAL LTD., GREGORY GURTOVOY, GIL HOCHBOIM, ITAI LOEWENSTEIN, RAVIV SEGAL, PAVEL BUBER, IRAM GREIVER, ILAN ADMON, and AYELET ELIAV,<br><br>    DEFENDANTS. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Boller ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding

1

G. Willi-Food International Ltd. ("G. Willi-Food" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants (defined below) who purchased or otherwise acquired G. Willi-Food securities between April 30, 2014 and February 18, 2016, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.      Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying Certification, purchased G. Willi-Food securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7.      Defendant G. Willi-Food develops, imports, exports, markets, and distributes over 600 food products worldwide. The Company markets and sells its food products to over 1,500 customers in Israel and around the world including large retail and private supermarket chains, wholesalers and institutional consumers. The Company is incorporated in Israel with principal executive offices located at 4 Nahal Harif St., Yavne, Israel 81106. G. Willi-Food's ordinary shares trades on the NASDAQ under the ticker symbol "WILC."

8.      Defendant Gregory Gurtovoy ("Gurtovoy") has been a director of G. Willi-Food since July 28, 2015, the Co-Chairman of G. Willi-Food since July 30, 2015, and the sole Chairman of G. Willi-Food since January 18, 2016. Defendant Gurtovoy has also been the indirect controlling shareholder of G. Willi-Food since July 15, 2015.

9.      Defendant Gil Hochboim ("Hochboim") was the Chief Executive Officer ("CEO") of G. Willi-Food from February 2012 until December 2014, and from March 3, 2015 until November 13, 2015. Defendant Hochboim was also the Chief Financial Officer ("CFO") of G. Willi-Food from July 2015 until November 13, 2015.

10.      Defendant Itai Loewenstein ("Loewenstein") was the CFO of the Company from 2014 until July 2015.

11.      Defendant Raviv Segal ("Segal") was the CFO of the Company from November 2012 until 2014.

12.      Defendant Pavel Buber ("Buber") has been the CFO of the Company since November 13, 2015.

13.     Defendant Iram Greiver ("Greiver") has been the CEO of the Company since December 2015.

14.     Defendant Ilan Admon ("Admon") was the CEO of the Company from November 13, 2015 until Defendant Graiver assumed the position.

15.     Defendant Ayelet Eliav ("Eliav") has been a director of the Company since May 17, 2012 and served as the Chair of the Audit Committee during the Class Period.

16.     Defendants Gurtovoy, Hochboim, Loewenstein, Segal, Buber, Greiver, Admon, and Eliav are sometimes referred to herein as the "Individual Defendants."

17.     Defendant G. Willi-Food and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

18.     On April 30, 2014, the Company filed a Form 20-F for the fiscal year ended December 31, 2013 (the "2013 20-F") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting was effective as of December 31, 2013. The 2013 20-F was signed by Defendant Hochboim. The 2013 20-F also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Hochboim and Segal attesting to the accuracy of financial reporting, effectiveness of internal controls, and that all fraud was disclosed.

19.     The 2013 20-F stated that the Company abides by a "Code of Ethics" which is available for review at the Company's website, stating in part:

**ITEM 16B.              CODE OF ETHICS**

A copy of the Code of Ethics for the Company that applies to all directors, officers and other employees of the Company is available for review on the Company's website at www.willi-food.com.

20.     The Company's "Code of Ethics" available at http://willi-food.com/code-of-ethics, states in part:



| Code | of | Ethics |
|---|---|---|
| for | | |
| Directors, | Officers and | Employees |

**Introduction.**
This Code of Ethics for directors, officers and employees has been adopted by the Board of Directors of G. Willi-Food International Ltd. (the "Corporation") to promote honest and ethical conduct, proper disclosure of information in the Corporation's periodic reports, and compliance with applicable governmental laws, rules, and regulations by the Corporation's directors, officers and employees.

**Principles and Practices.**
In performing his or her duties, each director, officer and employee must:

1.  maintain high standards of honest and ethical conduct and avoid any actual or apparent conflicts of interest between personal and professional relationships;
2.  report to the Audit Committee of the Board of Directors any conflict of interest that may arise and any material transaction or relationship that reasonably could be expected to give rise to a conflict;
3.  provide, or cause to be provided, full, fair, accurate, timely, and understandable disclosure in reports and documents that the Corporation files with or submits to the Securities and Exchange Commission and in other public communications;
4.  comply and take all reasonable actions to cause others to comply with applicable governmental laws, rules, and regulations; and
5.  promptly report violations of this Code to the Audit Committee. Directors, officers and employees must also comply with other guidelines, policies and procedures of the Corporation, as adopted and/or amended from time to time.

**Waiver.**
Any request for a waiver of any provision of this Code for a director or employee must be in writing and addressed to the Board of Directors.

**Compliance and Accountability.**
The Audit Committee will assess compliance with this Code, report material violations to the Board of Directors, and recommend to the Board appropriate

action.
APPROVED June 23, 2004

21.     On April 30, 2015, the Company filed a Form 20-F for the fiscal year ended December 31, 2014 (the "2014 20-F") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting was effective as of December 31, 2014. The 2014 20-F was signed by Defendant Hochboim. The 2014 20-F also contained signed SOX certifications by Defendants Hochboim and Loewenstein attesting to the accuracy of financial reporting, effectiveness of internal controls, and that all fraud was disclosed.

22.     On July 16, 2015, the Company filed a Form 6-K with the SEC announcing that director Oleksandr Granovskyi sold his controlling interest in the Company to Defendant Gurtovoy, stating in part:

> G. Willi-Food International Ltd. (the "Company") announced that its indirectly controlling shareholder, B.S.D. Crown Ltd. ("BSD"), reported today that, effective July 15, 2015, the ultimate controlling shareholder of BSD (who is also the ultimate controlling shareholder of the Company), Oleksandr Granovskyi, has sold his controlling interest to Gregory Gurtovoy, a citizen of Israel residing in the Ukraine.

> According to the announcement by BSD, which is listed on the London Stock Exchange, the following shares were sold to Mr. Gurtovoy:

>> Mr. Granovskyi sold 1,620,000 Preferred Shares, nominal value 0.001 Euro each, in Israel 18 B.V. ("Israel 18"), representing 90% of the voting rights in, and the right to appoint the directors of, Israel 18. Israel 18 is the controlling shareholder of BGI Investments (1961) Ltd. which, in turn, beneficially owns BSD shares representing approximately 25% of the total issued and outstanding share capital of BSD (excluding dormant shares), and which controls in aggregate, directly and through proxies, approximately 44% of the voting rights in BSD; and

>> Stichting Chabad Charity Foundation sold 171,090 regular shares, nominal value 0.001 Euro each, in Israel 18, representing 9.5% of the voting rights in, and 95% of the issued share capital of, Israel 18.

In addition, according to the announcement by BSD, Mr. Granovskyi has undertaken:

> that within three (3) calendar months, Israel 18 will execute settlement agreements with certain of Israel 18's creditors; and

> to replace the board of directors of, *inter alia*, BSD, in accordance with Mr. Gurtovoy's nominations, subject to applicable law. The Company understands that this may also include the board of directors of affiliated companies of BSD, including the Company.

23.     On July 28, 2015, the Company filed a Form 6-K with the SEC announcing that the Board has appointed Defendant Gurtovoy as a new member of the Board effective immediately, stating in part:

G. WILLI-FOOD ANNOUNCES APPOINTMENT OF NEW DIRECTORS

**YAVNE, Israel – July 28, 2015 - G. Willi-Food International Ltd. (NASDAQ: WILC)** (the "**Company**" or "**Willi-Food**"), a global company that specializes in the development, marketing and international distribution of kosher foods, announced today that the Company's Board of Directors (the "**Board**") has appointed Mr. Gregory Gurtovoy and Mr. Oleksander Avdyeyev as new members of the Board, effective immediately.

Mr. Gurtovoy is the indirect controlling shareholder of the Company and, in addition, serves as Chairman of the Supervisory Board of Platinum Bank, a retail bank located in the Ukraine, and is Managing Partner of GHP Group Investment Bank, a privately-held investment bank located in the Ukraine. He earned an MBA from both Moscow University of the National Economy and the St. Petersburg Civil Aviation Academy, both of which are in Russia, and a PhD in economics from the National Civil Aviation University in Kiev, Ukraine.

24.     On July 30, 2015, the Company filed a Form 6-K with the SEC announcing the appointment of Defendant Gurtovoy as Co-Chairman, stating in part:

**G. WILLI-FOOD ANNOUNCES CHANGES IN BOARD OF DIRECTORS**

YAVNE, Israel – July 30, 2015 - G. Willi-Food International Ltd. (NASDAQ: WILC) (the "Company" or "Willi-Food"), a global company that specializes in the development, marketing and international distribution of kosher foods, announced today that the Company's Board of Directors (the "Board") has appointed Mr. Gregory Gurtovoy, the indirect controlling shareholder of the

Company, as Co-Chairman of the Board together with Mr. Zvi Williger, who already serves as Chairman.

In addition, Mr. Alexander Granovskyi, the former indirect controlling shareholder of the Company, has resigned from the Board of Directors. The Board thanked Mr. Granovskyi for his service.

25.     On August 18, 2015, the Company filed a Form 6-K with the SEC disclosing its

second quarter financial results for the period ended June 30, 2015 ("2015 2Q"). The 2015 2Q,

signed by Defendant Hochboim, stated in part:

**G. WILLI-FOOD REPORTS Q2 2015 FINANCIAL RESULTS**

YAVNE, Israel - August 18, 2015 - G. Willi-Food International Ltd. (NASDAQ: WILC) (the "Company" or "Willi-Food"), a global company that specializes in the development, marketing and international distribution of kosher foods, today announced its unaudited financial results for the second quarter and the six-months ended June 30, 2015.

- Second Quarter Fiscal 2015 Highlights (income statement highlights compared to same period last year):

- Sales decreased 10.1% from second quarter of 2014 to NIS 71.2 million (US$ 18.9 million)

- Gross profit decreased 24.7% from second quarter of 2014 to NIS 15.5 million (US$ 4.1 million), or 21.8% of sales

- Operating income decreased 42.1% from second quarter of 2014 to NIS 3.2 million (US$ 0.9 million), or 4.5% of sales

- Net loss of  NIS 0.2 million (US$ 0.04 million), or 0.2% of sales

- Loss per share of NIS 0.01 (US$ 0.003)

- Cash and securities balance (net of short-term bank debt) of NIS 229.8 million (US$ 61.0 million) as of June 30, 2015

Willi-Food's operating divisions include Willi-Food, a distributor of a broad variety of kosher foods, and its wholly-owned subsidiary Gold Frost, a designer, developer and distributor of branded and innovative kosher dairy food products.

Second Quarter Fiscal 2015 Summary

Sales for the second quarter of 2015 decreased by 10.1% to NIS 71.2 million (US$ 18.9 million) from NIS 79.2 million (US$ 21.0 million) recorded in the second quarter of 2014. Sales decreased in the second quarter of 2015 primarily due to overall market decline in food product consumption by the Israeli consumer.

Gross profit for the second quarter of 2015 decreased by 24.7% to NIS 15.5 million (US$ 4.1 million) compared to NIS 20.6 million (US$ 5.5 million) recorded in the second quarter of 2014. Second quarter gross margin was 21.8% compared to gross margin of 26.0% for the same period in 2014. The decrease in gross profit and gross margin in the second quarter of 2015 was primarily due to reductions in the prices of certain of our products as a result of continued expectations from our customers for us to reduce prices and to certain expense shifting from selling expenses to gross margin, as a result of government regulations that became effective in January 2015.

Willi-Food's operating income for the second quarter of 2015 decreased by 42.1% to NIS 3.2 million (US$ 0.9 million) compared to NIS 5.6 million (US$ 1.5 million) recorded in the second quarter of 2014. Selling expenses decreased by 14.3% from the comparable quarter of 2014, primarily due to a decrease in promotion expenses mainly due to the shifting of certain related expenses to gross margin as mentioned above, and a decrease in vehicle and transport expenses as a result of adjusting expenses in light of lower sales. Selling expenses as a percentage of sales decreased in the second quarter of 2015 to 12.5% compared to 13.1% in the second quarter of 2014.

General and administrative expenses increased by 19.5% from the second quarter of 2014 mainly due to a NIS 1.7 million (US$ 0.5 million) write-off recorded with respect to the Company's estimated exposure to Mega Retail Ltd. and Eden Briut Teva Market Ltd. debts. See below.

Willi-Food's loss before taxes for the second quarter of 2015 was NIS 0.2 million (US$ 0.04 million) compared to income before taxes of NIS 5.7 million (US$ 1.5 million) recorded in the second quarter of 2014.

Willi-Food's net loss in the second quarter of 2015 was NIS 0.2 million (US$ 0.04 million), or NIS 0.01 (US$ 0.005) per share, compared to NIS 4.4 million (US$ 1.2 million), or NIS 0.34 (US$ 0.09) per share, recorded in the second quarter of 2014.

Willi-Food ended the second quarter of 2015 with NIS 229.8 million (US$ 61.0 million) in cash and securities net of short-term bank debt. Net cash from operating activities for 2015 second quarter was NIS 16.8 million (US$ 4.5 million). Willi-Food's shareholders' equity at the end of June 2015 was NIS 392.5 million (US$ 104.1 million).

**First Half Fiscal 2015 Highlights (compared to same period last year)**

- Sales decreased 9.7% to NIS 157.4 million (US$ 41.7 million);

- Gross profit decreased 22.4% to NIS 32.6 million (US$ 8.6 million), or 20.7% of sales;

- Operating income decreased 55.9% to NIS 5.3 million (US$ 1.4 million), or 3.4% of sales;

- Net income decreased 78.5% to NIS 2.5 million (US$ 0.7 million), or 1.6% of sales; and

- Earning per share of NIS 0.19 (US$ 0.05).

**Six-Month Results**

Willi-Food's sales for the six-month period ending June 30, 2015 decreased by 9.7% to NIS 157.4 million (US$ 41.7 million) compared to sales of NIS 174.2 million (US$ 46.2 million) in the first half of 2014. Gross profit for the period decreased by 22.4% to NIS 32.6 million (US$ 8.6 million) compared to gross profit of NIS 42.0 million (US$ 11.1 million) for the first half of 2014. First half 2015 gross margins were 20.7% compared to gross margins of 24.1% in the same period of 2014.

Operating income for the first half of 2015 decreased by 55.9% to NIS 5.3 million (US$ 1.4 million) from NIS 12.0 million (US$ 3.2 million) reported in the comparable period of last year.  First half 2015 income before taxes decreased by 76.3% to NIS 3.7 million (US$ 1.0 million) compared to NIS 15.5 million (US$ 4.1 million) recorded in the first half of 2014. Net income for the first half of 2015 decreased by 78.5% to NIS 2.5 million (US$ 0.7 million), or NIS 0.19 (US$ 0.05) per share, from NIS 11.5 million (US$ 3.0 million), or NIS 0.88 (US$ 0.23) per share, recorded in the first half of 2014.

26.     On November 30, 2015, the Company filed a Form 6-K with the SEC disclosing

its third quarter financial results for the period ended September 30, 2015 ("2015 3Q"). The 2015

3Q, signed by Defendant Buber, stated in part:

**G. WILLI-FOOD REPORTS Q3 2015 FINANCIAL RESULTS**

YAVNE, Israel – November 26, 2015 - G. Willi-Food International Ltd. (NASDAQ: WILC) (the "Company" or "Willi-Food"), a global company that specializes in the development, marketing and international distribution of kosher foods, today announced its unaudited financial results for the third quarter and the nine-months ended September 30, 2015.

Third Quarter Fiscal 2015 Highlights - Operating income increased 41% from third quarter of 2014 (income statement highlights compared to same period last year):

- Operating income increased 41% from third quarter of 2014 to NIS 6.5 million (US$ 1.7 million), or 8.6% of sales

- Sales decreased 3.3% from third quarter of 2014 to NIS 76.4 million (US$ 19.5 million)

- Gross profit increased 0.1% from third quarter of 2014 to NIS 19.9 million (US$ 5.1 million), or 26.1% of sales

- Net profit of NIS 7.3 million (US$ 1.8 million), or 9.5% of sales

- Earning per share of NIS 0.55 (US$ 0.14)

- Cash and securities balance (net of short-term bank debt) of NIS 250 million (US$ 63.8 million) as of September 30, 2015

Willi-Food's operating divisions include Willi-Food, a distributor of a broad variety of kosher foods, and its wholly-owned subsidiary Gold Frost, a designer, developer and distributor of branded and innovative kosher dairy food products.

### Third Quarter Fiscal 2015 Summary

Sales for the third quarter of 2015 decreased by 3.3% to NIS 76.4 million (US$ 19.5 million) from NIS 79.1 million (US$ 20.2 million) recorded in the third quarter of 2014. Sales decreased in the third quarter of 2015 primarily due to overall market decline in food product consumption by the Israeli consumer.

Gross profit for the third quarter of 2015 increased by 0.1% to NIS 19.9 million (US$ 5.1 million) compared to NIS 19.8 million (US$ 5 million) recorded in the third quarter of 2014. Third quarter gross margin was 26.1% compared to gross margin of 25% for the same period in 2014. The increase in gross margin was the result of a favorable mix of product revenue during the quarter as sales of higher gross margin products increased faster than sales of lower gross margin products and due to certain expense shifting from selling expenses to gross margin as a result of government regulations regarding such accounting treatment that became effective in January 2015.

Willi-Food's operating income for the third quarter of 2015 increased by 40.1% to NIS 6.5 million (US$ 1.7 million) compared to NIS 4.7 million (US$ 1.2 million) recorded in the third quarter of 2014. Selling expenses decreased by 19.7% from the comparable quarter of 2014, primarily due to a decrease in promotion

expenses principally resulting from the shifting of certain related expenses to gross margin as mentioned above and due to a decrease in vehicle and transport expenses as a result of adjusting expenses in light of lower sales.

Selling expenses as a percentage of sales decreased in the third quarter of 2015 to 10.4% compared to 12.5% in the third quarter of 2014.

General and administrative expenses increased by 5.1% from the third quarter of 2014 to NIS 5.4 million (US$ 1.4 million) compared to NIS 5.2 million (US$ 1.3 million).

Willi-Food's income before taxes for the third quarter of 2015 was NIS 10.243 million (US$ 2.6 million) compared to income before taxes of NIS 6.6 million (US$ 1.7 million) recorded in the third quarter of 2014.

Willi-Food's net income in the third quarter of 2015 was NIS 7.3 million (US$ 1.8 million), or NIS 0.55 (US$ 0.14) per share, compared to NIS 5.1 million (US$ 1.3 million), or NIS 0.39 (US$ 0.1) per share, recorded in the third quarter of 2014.

Willi-Food ended the third quarter of 2015 with NIS 250.4 million (US$ 63.8 million) in cash and securities net of short-term bank debt. Net cash from operating activities for 2015 third quarter was NIS 20 million (US$ 5.1 million). Willi-Food's shareholders' equity at the end of September 2015 was NIS 390.3 million (US$ 99.5 million).

## Nine Month Fiscal 2015 Highlights (compared to same period last year)

- Sales decreased 7.7% to NIS 233.8 million (US$ 59.6 million);

- Gross profit decreased 14.9% to NIS 52.5 million (US$ 13.4 million), or 22.4% of sales;

- Operating income decreased 29% to NIS 11.8 million (US$ 3 million), or 5.1% of sales;

- Net profit decreased 41.3% to NIS 9.7 million (US$ 2.5 million), or 4.1% of sales;

- Earning per share of NIS 0.74 (US$ 0.19).

## Nine Month Results

Willi-Food's sales for the nine month period ending September 30, 2015 decreased by 7.7% to NIS 233.8 million (US$ 59.6 million) compared to sales of NIS 253.2 million (US$ 68.5 million) in the first nine month of 2014 primarily due to exposure to losses on account of Mega Retail Ltd.'s arrangement with

creditors, as described below, and overall market decline in food product consumption by the Israeli consumer Gross profit for the period decreased by 14.9% to NIS 52.5 million (US$ 13.4 million) compared to gross profit of NIS 61.7 million (US$ 16.7 million) for the first nine months of 2014. Gross margins in the first nine months of 2015 were 22.4% compared to gross margins of 24.3% in the same period of 2014.

Operating income for the first nine months of 2015 decreased by 29% to NIS 11.8 million (US$ 3 million) from NIS 16.7 million (US$ 4.5 million) reported in the comparable period of last year. Income before taxes for the first nine month of 2015 decreased by 3 % to NIS 13.9 million (US$ 3.5 million) compared to NIS 22.1 million (US$ 6 million) recorded in the first nine months of 2014. Net profit for the first nine months of 2015 decreased by 41.6% to NIS 9.7 million (US$ 2.5 million), or NIS 0.74 (US$ 0.19) per share, from NIS 16.6 million (US$ 4.5 million), or NIS 1.28 (US$ 0.35) per share, recorded in the first nine months of 2014.

27.     The statements referenced in ¶¶ 18 – 26 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendant Gurtovoy, along with others, illegally transferred money out of G. Willi-Food; and (2) as a result, G. Willi-Food's public statements were materially false and misleading at all relevant times.

**The Truth Begins to Emerge**

28.     On February 17, 2016,[1] the Israeli publication *Calcalist* published an article revealing that Israeli authorities raided the offices of G. Willi-Food.

29.     On this news, shares of G. Willi-Food fell $0.22 per share or approximately 5% from its previous closing price to close at $3.95 per share on February 17, 2016, damaging investors.

---

[1] This article was published on February 17, 2016 at 2:42 p.m. Indian Standard Time (February 17, 2016 at 4:12 a.m. Eastern Standard Time).

30.     On February 17, 2016,[2] *Reuters* published an article disclosing that Israeli authorities arrested Defendant Gurtovoy on suspicion of fraud and money laundering, stating in part:

**Israel arrests Willi-Food co-chairman on suspicion of fraud**

**JERUSALEM**

Feb 17 Israeli authorities on Wednesday arrested Gregory Gurtovoy, co-chairman of G. Willi-Food International Ltd., on suspicion of fraud and money laundering, court papers showed.

Gurtovoy, controlling shareholder of the company, appeared at Tel Aviv Magistrates' Court and was ordered held in custody until Friday while Israel Securities Authority investigators continue to examine the company's affairs.

A court document said that an undercover investigation of the suspect had been going on, although the date of its start was not revealed, and it became public knowledge on Wednesday with Gurtovoy's appearance in court.

31.     On February 18, 2016,[3] Israeli newspaper *Globes* published an article revealing that Defendant Gurtovoy has been arrested and is being questioned by the ISA for reporting violations, false reporting, aggravated fraud and money laundering, stating in part:

**Willi-Food owner arrested on suspected fraud**

The Israel Securities Authority is questioning Gregory Gurtovoy on alleged fraud and money laundering offenses.

The senior executive at Israeli food manufacturer G. Willi-Food International (Nasdaq: WILCF; TASE: WLFD) who is being questioned on fraud and money laundering has been named as Gregory Gurtovoy. He recently acquired Willi-Food through his holdings company Israel 18 and BGI from fellow Ukrainian Alexander Granovsky. Gurtovoy has had his remand extended by the court until midday Friday.

---

[2] This article was published on February 18, 2016 at 3:27 a.m. Indian Standard Time (February 17, 2016 at 4:57 p.m. Eastern Standard Time).
[3] This article was published on February 18, 2016 at 7:54 a.m. Indian Standard Time (February 17, 2016 at 9:24 p.m. Eastern Standard Time).

**The Israel Securities Authority suspects him of reporting violations, false reporting, aggravated fraud and money laundering. The alleged violations involve hundreds of millions of dollars.**

**According to the papers filed with the court, these offenses have been committed since 2013. This morning Israel Securities Authority officials raided Willi-Food's offices in Yavne. Gurtovoy is suspected, together with others, of taking millions of dollars out of Willi-Food and investing it in assets abroad.**

[Emphasis added].

32.     On this news, shares of G. Willi-Food fell $0.20 per share or approximately 5% from its previous closing price to $3.75 per share on February 18, 2016 when NASDAQ halted trading in G. Willi-Food for "additional information requested" from the Company, further damaging investors.

33.     On February 18, 2016, the Company issued a press release announcing that the Company, along with Defendant Gurtovoy and other officers and directors of G. Willi-Food's parent companies, such as Willi-Food Investments Ltd., BSD Crown Ltd., and B.G.I Investments (1961) Ltd., are being investigated by the ISA, stating in part:

### G. Willi-Food Announces Initiation of Investigation by Israeli Securities Authority

YAVNE, Israel, February 18, 2016 /PRNewswire via COMTEX/ -- YAVNE, Israel, February 18, 2016 /PRNewswire/ --

G. Willi-Food International Ltd. WILC, +0.00% (the "Company" or "Willi-Food"), a global company that specializes in the development, marketing and international distribution of kosher foods, announced today that as a result of suspicions of certain breaches of Israeli securities laws and criminal offenses, the Israel Securities Authority ("ISA") initiated an investigation. The ISA conducted a search on February 17, 2016 at the offices of the Company, and the offices of its Parent Company, Willi-Food Investments Ltd., BSD Crown Ltd., and B.G.I Investments (1961) Ltd. (the "Group"), during which certain computers and other materials were seized by the ISA. Similarly, a number of officers and directors within the Group are being questioned by the ISA, and the chairman of our board of directors and the indirect controlling shareholder of the Group, Mr. Gregory Gurtovoy, has been detained.

34.     On February 19, 2016, Israeli newspaper *Haaretz* published an article disclosing that Defendant Gurtovoy is suspected by ISA of illegally siphoning money from G. Willi-Food, stating in part:

**Willi-Food Controlling Shareholder Arrested in Connection With Fraud**

Ukrainian businessman Gregory Gurtovoy is suspected by Israel Securities Authority of moving money out of his companies unlawfully.

The co-chairman of G. Willi-Food International, Gregory Gurtovoy, was arrested Wednesday by Israeli authorities. He is suspected of taking money out of his BGI holding company and its publicly traded food importing company, in violation of the law.

Gurtovoy, the controlling shareholder of Willi-Food, appeared at Tel Aviv Magistrate's Court and was ordered held in custody until today while Israel Securities Authority investigators continue to examine the company's affairs.

The arrest follows a lengthy secret investigation by the ISA, which said it suspects him of financial reporting violations, false reporting, aggravated fraud and money laundering.

The alleged violations, which involved BGI executives as well, involve at least tens of millions of dollars. Willi-Food's offices were raided by ISA investigators on Wednesday, but the company told the Tel Aviv Stock Exchange that it wasn't being accused of any violations in the probe.

Willi-Food shares ended the day down 1.4% at 9.73 shekels ($2.49). Its shares are also listed on the Nasdaq stock market, where trading was suspend yesterday afternoon at $3.75 after falling more than 5%.

**Investigators had been quietly investigating Gurtovoy some time after he bought BGI from fellow Ukrainian Alexander Granovsky in July. However, there are suspicions that the violations being probed may have begun when Granovsky controlled BGI, which is structured as a pyramid holding group and holds a lot of cash. Willi-Food alone has 300 million shekels on its books.**

Investigators decided to make the probe public and arrest him after Gurtovoy moved some $3 million out of Willi-Food accounts in January to invest in bonds issued by a European company with no connection to Willi-Food's core food business.

The ISA didn't say who issued the bonds, but TheMarker has learned that it was a small company whose sole asset is the Grand Hotel Europa. The small Prague hotel, built in 1889, has about 90 rooms but apparently isn't in operation and its reservations system was shut down.

Investigators suspect that the hotel was used as a conduit for taking money out of Willi-Food and that the bonds were serving as collateral for a loan that Gurtovoy or someone else took. The money was taken from Willi-Food's account without proper authorizations, the ISA alleges.

However, the biggest money involved in the affair, allege ISA investigators, is some $55 million in banks in Azerbaijan and Austria by BGI, its Emblaze subsidiary, now known as BSD Crown, which is traded in London.

The money was recorded as being available as free cash, but the ISA suspects that it cannot be withdrawn because it was secretly put up as collateral against loans that Gurtovoy and/or Granovsky took. If so, it would violate rules on the use of money by a publicly traded company.

Before investing the in Grand Europa bonds, Gurtovoy had sought to get Willi-Food's board's approval to invest 20 million euros ($22.2 million) in a lingerie company based in Austria. But enough of the directors objected that the investment was never made.

Gurtovoy was little known in Israel before he bought control of BGI in July 2015, although he became an Israeli citizen in 1995. He does not have a criminal record. At a press conference at the time he took control of the group, Gurtovoy acknowledging knowing Granovsky for 12 years and doing business with him but dismissed rumors that the Granovsky was continuing to control the business or that the transaction was fictitious.

"There are enough rumors circulating already, so there's no point in adding fuel to the fire," he said. "I'm not Granovsky's shadow. People can say what they want. I have all the necessary documents. I'm the one who runs the companies."

[Emphasis added].

35.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired G. Willi-Food securities traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

37.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, G. Willi-Food securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by G. Willi-Food or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

38.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

39.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

40.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of G. Willi-Food;

- whether the Individual Defendants caused G. Willi-Food to issue false and misleading public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading public statements;

- whether the prices of G. Willi-Food securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and,

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

42.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- G. Willi-Food securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold G. Willi-Food securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

43.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

44.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**Violation of Section 10(b) of The Exchange Act and Rule 10b-5**
**Against the Company and Defendants Gurtovoy, Hochboim, Loewenstein, Segal, Buber, Greiver and Admon**

45.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46.     This Count is asserted against Defendants G. Willi-Food, Gurtovoy, Hochboim, Loewenstein, Segal, Buber, Greiver, Admon (collectively, the "Count I Defendants") and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

47.     During the Class Period, the Count I Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of G. Willi-Food securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire G. Willi-Food securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

48.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Count I Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for G. Willi-Food securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about G. Willi-Food's finances and business prospects.

49.     By virtue of their positions at G. Willi-Food, Defendants Gurtovoy, Hochboim, Loewenstein, Segal, Buber, Greiver, Admon (collectively, the "Count I Individual Defendants") had actual knowledge of the materially false and misleading statements and material omissions

21

alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, the Count I Individual Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Count I Individual Defendants. Said acts and omissions of Count I Individual Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

50.     Information showing that the Count I Defendants acted knowingly or with reckless disregard for the truth is peculiarly within the Count I Defendants' knowledge and control. As the senior managers and/or directors of G. Willi-Food, the Count I Individual Defendants had knowledge of the details of G. Willi-Food's internal affairs.

51.     The Count I Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Count I Individual Defendants were able to and did, directly or indirectly, control the content of the statements of G. Willi-Food. As officers and/or directors of a publicly-held company, the Count I Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to G. Willi-Food's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price for G. Willi-Food's securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning G. Willi-Food's business and financial condition which were concealed by the Count I Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired G. Willi-Food securities at

artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Count I Defendants, and were damaged upon the revelation of the alleged corrective disclosures.

52.     During the Class Period, G. Willi-Food's securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Count I Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of G. Willi-Food securities at prices artificially inflated by the Count I Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of G. Willi-Food securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of G. Willi-Food's securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

53.     By reason of the conduct alleged herein, the Count I Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

54.     As a direct and proximate result of Count I Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

55.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56.     During the Class Period, the Individual Defendants participated in the operation and management of G. Willi-Food, and conducted and participated, directly and indirectly, in the conduct of G. Willi-Food's business affairs. Because of their senior positions, they knew the adverse non-public information regarding G. Willi-Food's business practices.

57.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to G. Willi-Food's financial condition and results of operations, and to correct promptly any public statements issued by G. Willi-Food which had become materially false or misleading.

58.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which G. Willi-Food disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause G. Willi-Food to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of G. Willi-Food within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of G. Willi-Food securities.

59.     Each of the Individual Defendants, therefore, acted as a controlling person of G. Willi-Food. By reason of their senior management positions and/or being directors of G. Willi-Food, each of the Individual Defendants had the power to direct the actions of, and exercised the

same to cause, G. Willi-Food to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of G. Willi-Food and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

60.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by G. Willi-Food.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: February 29, 2016                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            By: /s/Phillip Kim
                                            Phillip Kim, Esq. (PK 9384)
                                            Laurence M. Rosen, Esq. (LR 5733)
                                            275 Madison Avenue, 34th Floor
                                            New York, NY 10016
                                            Phone: (212) 686-1060
                                            Fax: (212) 202-3827

*Counsel for Plaintiff*